UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KARI FULTON, | ) |
|     Plaintiff, | )<br>)<br>) |
| v. | )    Cause No. 1:20-CV-115-HAB |
| MEDTRONIC, INC., MEDTRONIC SOFAMOR DANEK, USA, INC., and WARSAW ORTHOPEDICS, INC., | )<br>)<br>)<br>)<br>) |
|     Defendants. | )<br>) |

**OPINION AND ORDER**

Plaintiff Kari Fulton alleges that she was injured when a Medtronic Atlantis Transitional Plate (the "Plate"), manufactured and sold by Defendants, failed after it had been implanted in her spine. She initially filed this action in the Allen County, Indiana, Superior Court, stating a claim against Medtronic, Inc. ("Medtronic") only. Medtronic is not a corporate citizen of Indiana so, relying on diversity jurisdiction, Medtronic removed the case. Fulton now seeks remand, arguing that newly-added Defendant Warsaw Orthopedics, Inc. ("Warsaw") defeats diversity jurisdiction. Defendants concede that the addition of Warsaw would defeat diversity jurisdiction but assert that the doctrine of fraudulent joinder should prevent both Warsaw's joinder and remand. This issue has been fully briefed and is now ripe for review.

**A.    Procedural History**

Fulton filed her complaint against Medtronic alleging personal injury/product liability in state court in February 2020. (ECF No. 3). Medtronic timely removed the matter to this Court and, two weeks later, moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10). As part of her brief in support of dismissal, Medtronic advised Fulton and the Court

that Medtronic was not a proper party-Defendant, but instead that "Medtronic Sofamor Danek USA, Inc. ("MSD") is the entity that made and sold the Plate." (ECF No. 11 at 1, n. 1).

According to Fulton, this revelation spurred further investigation into the appropriate corporate defendant. That investigation uncovered a complex relationship between Medtronic, Warsaw, and MSD. Relevant to the instant issue, Fulton discovered that "Medtronic Sofamor Danek USA, and Warsaw Orthopedics, Inc., both manufactured the plate at issue, and further that Warsaw Orthopedics conducted business under the name Medtronic Sofamor Danek in the recent past in the State of Indiana." (ECF No. 22 at 2). With this information in hand, Fulton amended her complaint as of right under Rule 15(a)[1] to add both Warsaw and MSD as Defendants. (ECF No. 21). Because Warsaw is an Indiana corporation with its principal place of business in Warsaw, Indiana, Fulton also filed a motion to remand due to a lack of complete diversity. (ECF No. 22).

**B.      Legal Discussion**

A defendant may remove any civil action filed in state court over which federal district courts have original jurisdiction. 28 U.S.C. § 1441. The federal district courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). "[The] district courts may not exercise jurisdiction absent a statutory basis," *id*., and the removing party "bears the burden of establishing federal jurisdiction," *Tylka v. Gerber Prods. Co*., 211 F.3d 445, 448 (7th Cir. 2000). Here, Defendants allege that jurisdiction is appropriate pursuant to 28 U.S.C. § 1332 which, in relevant part, provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

---

[1] Because the amended complaint was filed as a matter of right, this Court made no determination regarding the joinder of Warsaw under 28 U.S.C. § 1447(e).

2

Defendants admit that complete diversity is lacking but nonetheless assert that the matter should not be remanded under the fraudulent joinder doctrine, which "permits a district court considering removal 'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) (first quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999), then citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677–78 (5th Cir. 1999)). The fraudulent joinder doctrine imposes a burden far more stringent than that ordinarily imposed on a removing defendant. *See Schur*, 577 F.3d at 764 (7th Cir. 2009).

"Fraudulent," in this context, is a term of art. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). A defendant invoking the doctrine must demonstrate that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Schur*, 577 F.3d at 764. (emphasis and internal quotation omitted). The Court must look at both the facts alleged and the law governing the complaint to determine whether plaintiffs have "some chance of success" on their claims under state law. *Thornton v. M7 Aerospace LP*, 796 F.3d 757, 765 (7th Cir. 2015); *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) ("Under the fraudulent joinder doctrine . . . , an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has 'no chance of success.'").

A removing defendant may present uncontested evidence to show that the facts of the case preclude a plaintiff's claim against a nondiverse defendant. For example, where a removing defendant provides an uncontroverted affidavit demonstrating that a nondiverse defendant had "absolutely nothing to do with" the claims raised by the plaintiff, the lack of diversity does not

3

prevent removal. *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 655 (7th Cir. 1992). In such circumstances, the plaintiff's claim against the nondiverse defendant fails because the undisputed evidence demonstrates that the plaintiff could not factually establish an essential element of the claim. *See id.*

Fraudulent joinder may also apply where a plaintiff's claim against the nondiverse litigant has no reasonable legal merit, such as where a plaintiff sues an entity who cannot be held liable under established state law. *See Poulos*, 959 F.2d at 73-74 (applying fraudulent joinder to disregard parent company's citizenship where plaintiff sued parent company for injury allegedly caused by subsidiary). "At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?" *Id.*, 959 F.2d at 73.

Fraudulent joinder, however, is arguably inapplicable to post-removal joinder. Because the doctrine allows a district court to assume initial diversity jurisdiction upon removal from state court despite the presence of nondiverse parties, some courts have held that "it has no effect once the district court actually possesses jurisdiction—including after the case has been removed." *Mayes* 198 F.3d at 461. The proper issue before the Court, then, is whether Warsaw should be joined under § 1447(e). As the Seventh Circuit has stated, "although the fraudulent joinder doctrine is not directly applicable to the post-removal context, it can be a relevant factor for determining whether to permit joinder under § 1447(e). This is particularly so where, as here, the district judge did not have an opportunity to analyze the propriety of joining nondiverse defendants at the time the plaintiff sought to amend the complaint." *Schur*, 577 F.3d at 764. Where joinder of a non-diverse defendant occurs post-removal, courts consider the following factors: (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2)

4

the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. *Id*. at 759.

**1.**     *Fulton's Motive in Adding Warsaw*

According to Defendants, Fulton's only motive for adding Warsaw was to defeat federal jurisdiction. Their arguments boil down to a simple assertion: Fulton could only have an improper motive because she has no legal or factual basis to sue Warsaw. Defendants note that they never identified Warsaw as the manufacturer of the plate, that the amended complaint fails to state a claim against Warsaw, and that the timing of the amendment is suspicious. (ECF No. 27 at 4–5).

The Court finds Defendants' arguments unpersuasive. Defendants admit that Warsaw manufactured the Plate (*Id*. at 1) ("Warsaw also manufactures [the Plate]"), so the fact that they never referenced Warsaw as a manufacturer in their original motion to dismiss is largely irrelevant. So, too, are Defendants' pleading arguments. The burden of demonstrating fraudulent joinder is "more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur*, 577 F.3d at 764. Thus, even if Fulton's amended complaint has "fatal pleading deficiencies," and the Court is not convinced that it does, this would not be a basis to find fraudulent joinder.

The Court also finds nothing suspect about the timing of the amendment to add Warsaw. While it is true that Warsaw was not added until Medtronic sought to dismiss the original complaint, Fulton has explained that she was not aware of the existence of potential defendants other than Medtronic until the original motion to amend was filed.[2] The Court finds this to be a reasonable explanation for not including Warsaw in the original complaint. *In re*

---

[2] Defendants argue that "Warsaw is a well-known, large employer forty miles from where Plaintiff resides," in an apparent attempt to show that Fulton could have included Warsaw in her original complaint. (ECF No. 27 at 5). The Court would note simply that it is one thing to be aware of a company generally, and quite another to know that company manufactured a specific piece of medical equipment.

5

*Bridgestone/Firestone, Inc., ATX, ATX II*, 129 F. Supp. 2d 1202, 1205 (S.D. Ind. 2001). Moreover, it is clear to the Court that Fulton did conduct the research she claims to have done, as evidenced by the extensive documentation in support of her reply. (ECF No. 34, Exhibits A–K).

On balance, the Court finds nothing to suggest that Fulton's motive or timing in adding Warsaw was solely to defeat federal jurisdiction. Rather, it seems that the motive was to add all potential manufacturers of the Plate; MSD, a diverse manufacturer, was added at the same time. As such, the Court finds that Fulton's motivation and timing weigh in favor of permitting Warsaw to be joined and remanding the case.

**2.** *Prejudice*

Defendants next argue that Fulton will not be prejudiced if the joinder of Warsaw is rejected, again focusing on the assertion that Fulton has failed to plead a "cognizable manufacturing defect claim." (ECF No. 27 at 6). Again, Rule 12(b)(6) is not the standard this Court is required to apply. There is no question that Fulton has attempted to state a manufacturing defect claim; the parties have fully briefed a motion to dismiss that claims she has failed to do so with required specificity. (*See* ECF Nos. 28, 35, 36). Given Fulton's stated intention to pursue a manufacturing defect claim, the Court concludes that barring her from adding an admitted manufacturer would visit great prejudice indeed. The prejudice factor weighs in favor of permitting the joinder of Warsaw and remanding this case.

**3.** *Equitable Considerations*

Finally, Defendants argue that their interest in the federal forum should weigh in their favor. While it is true that a party can have an interest in maintaining a federal forum, "it does not outweigh [a plaintiff's] interest in full recovery." *Perez v. Arcobaleno Pasta Machines, Inc.*, 261 F. Supp. 2d 997, 1002 (N.D. Ill. 2003). Denial of joinder would deprive Fulton of the right to name

6

a manufacturer of the Plate, potentially depriving her of full recovery. Equity, then, weighs in favor of joinder and remand.

**4.**     *Is there any reasonable possibility that a state court would rule against Warsaw?*

Considered as a whole, the Court concludes that there is at least a reasonable possibility that the Allen Superior Court could rule against Warsaw on Fulton's complaint. Indiana law provides a claim for manufacturing defects within the Indiana Product Liability Act. *See* Ind. Code § 34-20-2-1; *Bayer Corp. v. Leach*, 139 N.E.3d 1127 (Ind. Ct. App. 2019). It is undisputed that Warsaw was a manufacturer of the Plate, and Fulton claims that the Plate was defectively manufactured. While Warsaw's liability will ultimately turn on the facts developed during litigation, this is not a situation where Fulton's claim is not recognized under Indiana law. *See Poulos*, 959 F.2d 69 at 73–74. The Court finds that the state court could rule against Warsaw and, considering all the other factors that support joinder, Fulton will be permitted to join Warsaw and this matter will be remanded.

**C.**     **Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand to State Court (ECF No. 22) is GRANTED, and this matter is remanded to the Allen County, Indiana, Superior Court. In light of this Court's relinquishment of jurisdiction, Medtronic's Motion to Dismiss (ECF No. 28) is DENIED as moot.

SO ORDERED on May 26, 2020.

          s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT